IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TURPIN and<br>FLORA TURPIN, | ) <br> ) <br> ) | Case No. 99-1886 |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Judge David S. Cercone |
| HIGHMARK INC., | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

WHEREAS plaintiffs and defendant Highmark, Inc. ("Highmark") entered into a Settlement Agreement and Release with Exhibits (collectively, the "Settlement Agreement"), dated as of September 14, 2006, to settle this class action (the "Litigation"); and,

WHEREAS the Court entered an Order dated October 11, 2006 (the "Preliminary Approval Order"), modifying the definitions of the previously certified Class and Subclass under Fed. R. Civ. P. 23(b)(2), ordering publication notice to potential Class members and individual notice to potential Subclass members, scheduling a Final Approval Hearing for February 9, 2007, and providing those persons with an opportunity to object to the proposed settlement; and,

WHEREAS the Court held a Final Approval Hearing on February 9, 2007, to determine whether to give final approval to the proposed settlement; and has been advised of any objections to or comments on the settlement, and has fairly considered such objections and comments; now, therefore,

Based on the submissions of the parties and Class Members, and on the arguments

and evidence presented at the Final Approval Hearing, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents**. This Order Approving Class Action Settlement incorporates and makes a part hereof (a) the Settlement Agreement dated as of September 14, 2006, and filed with this Court on September 14, 2006; (b) and all exhibits thereto. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Settlement Agreement.

2. **Jurisdiction**. Because adequate notice has been disseminated and all potential Class Members have been given the opportunity to object to the settlement, the Court has personal jurisdiction over all Class Members (as defined below). The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, including, without limitation, jurisdiction to approve the proposed settlement and dismiss this action on the merits with prejudice.

3. **Adequacy of Representation**. Jeffrey Lewis (of the law firm Lewis, Feinberg, Renaker & Jackson, P.C.), Claudia Davidson (of the Law Offices of Claudia Davidson), Mary Ellen Signorille (of AARP Litigation Foundation), and Allan N. Karlin (of the law firm Allan N. Karlin & Associates) ("Class Counsel"), and the Named Plaintiffs have fully and adequately represented the Class and the Subclass for purposes of entering into and implementing the settlement, and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

4. **Class Notice**. The Court finds that in view of the newspaper publication of the Class Publication Notice, the mailed distribution of the Full Notice to the Subclass, the publication of the Summary Notice in Highmark's newsletter, and the establishment

and maintenance of a website devoted to the Settlement (which included the Full Notice and the Subclass claim form), all of which were implemented pursuant to the Settlement Agreement, The Notice Plan, and this Court's Preliminary Approval Order:

    a.    constituted the best practicable notice to Class Members and Subclass Members under the circumstances of this action;

    b.    constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members and Subclass Members of: (i) the pendency of this action; (ii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by the Named Plaintiffs or Class Counsel, the award of attorneys' fees, costs, and expenses to Class Counsel, and/or the award of incentive payments to the Named Plaintiffs; (iii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (iv) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all Class Members;

    c.    constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

    d.    constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P.

23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), and any other applicable law.

e.   Full opportunity has been afforded to Class Members to participate in the final Approval Hearing. Accordingly, the Court finds that all Class Members are bound by this Order.

5.   **Final Settlement Approval**. This action involves novel claims challenging the widespread use of computerized Explanation of Benefits ("EOB") forms by Highmark. It has engendered extensive discovery, a 63-page opinion by Judge William Standish on the parties' cross-motions for summary judgment, an attempted interlocutory appeal to the U.S. Court of Appeals for the Third Circuit (rejected by a 2-1 vote), a 30-page opinion by this Court on class certification, and an attempted interlocutory appeal of that decision (also rejected on a 2-1 vote). The Court determined that Highmark's EOB forms were deficient in that they did not provide the Turpins with, *inter alia*, references to the specific plan provisions upon which the denials were based or specific enough information as to their appeal rights. *See* 29 C.F.R. § 2560.503-1(g)(ii) and (iv) (2001) ("the Regulation"). Although Highmark now includes more specific appeal information on its EOBs, the form of relief, if any, that the Court might order with regard to the Regulations's requirement of references to specific plan provisions remains to be litigation in this Court. In addition, appeals of all of this Court's decisions in the case likely would follow the remaining proceedings in this Court. Class Counsel, who are highly experienced in ERISA and other litigation, are of the opinion that the proposed settlement is an excellent result, and although they believe that Plaintiffs would prevail if the case were litigated to conclusion, they recognize that there is a significant risk with

regard to the outcome of the remainder of the case. The Court agrees that the Settlement confers significant benefits on the Class and the Subclass. Moreover, it enables the Class and Subclass to obtain relief now, instead of enduring further protracted proceedings in a case that has already been in litigation for seven years.

6. Based on all of the above and on its review of the Settlement Agreement and all of the other documents and arguments submitted to it, the Court finds that the terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the parties and Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause), and any other applicable law. The parties and all Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. **Binding Effect**. The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on the Named Plaintiffs and all other Class Members, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Litigation or are otherwise encompassed by the Releases set forth in Section 11 of the Settlement Agreement.

8. **Releases**. The Named Plaintiffs and all Class Members shall be bound by the Releases provided in Section 11 of the Settlement Agreement, which is incorporated

herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement. The Releases are effective as of the date of this Final Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Releases, including but not limited to the following definition of the claims subject to the releases (which is set forth at paragraph 11 of the Settlement Agreement):

    8.1    On the Effective Date, the Named Plaintiffs, by operation of this release and the final judgment, hereby do and shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees of and from all claims that were or could have been asserted by them in the Litigation, including all claims relating to the specific Adverse Benefit Determinations at issue in the Litigation and all other claims regarding the form, content, and correctness of Adverse Benefit Determinations and other notices of benefit determinations that have been issued to them by Highmark on or before August 30, 2006. Without further action by any person, Named Plaintiffs will be deemed (i) to have consented to dismiss the Litigation with prejudice, subject to

§ 19, below, (ii) to have released and forever discharged their settled claims; and (iii) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court or regulatory agency, any of their settled claims.

8.2 Members of the Class release the Releasees from and against all claims that were or could have been asserted by them in the Litigation and that could be asserted during the Review and Reporting Period (as defined in § 19 of the Settlement Agreement) that refer or relate in any way to an assertion that any Releasee violated the "Regulation." Class Members also will be barred from using any alleged violation of the Regulation defensively in response to any challenge as to whether they have exhausted administrative remedies or otherwise timely filed a complaint for judicial review of an Adverse Benefit Determination.

8.3 Members of the Subclass further release the Releasees from and against all claims that were or could have been asserted by them in the Litigation and that could be asserted by them based on acts or omissions through June 30, 2006, that refer or relate in any way to an assertion that any Releasee violated the Regulation.

8.4 Nothing in this section shall preclude a member of the Subclass from availing himself of the additional potential relief available to the Subclass.

8.5 Nothing in this Release shall be deemed to release any claim that an Adverse Benefit Determination was substantively in error, provided, however, that Subclass Members shall have no right to assert that an Adverse Benefit Determination made in the course of the Challenge process described in § 8 of the Settlement Agreement was substantively in

error, as Highmark's decisions as to those claims shall be final and biding, subject only to Class Counsel's right of review (set forth in § 8.8 of the Settlement Agreement). Conversely, nothing in this Release shall be deemed as broadening any Class Member's legal rights to assert that an Adverse Benefit Determination was substantively in error.

8.6    Nothing in this Release shall be deemed to eliminate or reduce any future rights that any Class Member may have under (a) any federal regulation issued after August 30, 2006, that imposes additional duties on persons or entities issuing Adverse Benefit Determinations or (b) any binding U.S. Department of Labor interpretation of any current federal regulation that would impose any duty on Highmark to obtain, maintain, and/or provide to plan participants copies of SPDs, SMMs or any governing plan instrument.

9.    **Enforcement of Settlement**. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

10.    **Attorneys Fees and Expenses**. Class Counsel are hereby awarded attorneys' fees, costs, and reimbursement of expenses in the amount of $ 613,300.00, to be paid by Highmark. Such fees, costs, and expenses are to be paid subject to the conditions set forth in the Settlement Agreement. Class Counsel, in their sole discretion, shall allocate and distribute this award of attorneys' fees, costs, and

expenses among themselves.

11. **Incentive Awards**. The Court hereby awards each of the named Plaintiffs $ 2,500.°° to be paid by Highmark as incentive awards in their capacity as representative plaintiffs in this Action.

12. **No Other Payments**. The preceding paragraphs of this Final Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements of any nature whatsoever incurred by Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to this Litigation, the settlement of this Litigation, the administration of such settlement, and/or the Settled Claims except to the extent that Subclass Members may receive any payments pursuant to § 8.7 of the Settlement Agreement, or as otherwise specified in this Final Order and the Settlement Agreement.

13. **Modification of Settlement Agreement**. The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are consistent with this Final Order and that do not limit the rights of Class Members or Subclass Members under the Settlement Agreement.

14. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order and the accompanying Final Judgment, this Court expressly retains jurisdiction, for a period of seven (7) years from the Effective Date, as to all matters relating to the administration, consummation, enforcement and interpretation of the

Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation,

    (a)    enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member and/or a Subclass Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the Final Judgment, etc.);

    (b)    entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    (c)    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. **No Admissions**. Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Order and the Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Highmark or the Releasee of the validity of any claim or any actual or potential fault, wrongdoing or liability

whatsoever. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it shall be construed as an admission or concession by Highmark (or any of its employees, officers, directors, agents, representatives, affiliates, subsidiaries, or contracting parties) of any such violation of failure to comply with any applicable law, or that a class or subclass was properly certified, or of any other disputed issue of law or fact. Except as necessary in a proceeding to enforce the terms of the Settlement Agreement, this Order, or the Final Judgment, the Settlement Agreement, this Order and the Final Judgment (and their respective terms and provisions) shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Highmark or to establish the existence of any condition constituting a violation of or non-compliance with federal, state, local or other applicable law.

16. **Dismissal of Action**. This Action, including all individual and Class claims resolved in it, is hereby dismissed with prejudice against Plaintiffs and all other Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

17. **Rule 58 Separate Judgment**. The Court will separately enter the accompanying Final Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this 9th day of February, 2007.

_____
Honorable David S. Cercone
United States District Judge